IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02399-BNB

STEVIE BROWN,

    Applicant,

v.

JAMES L. BEICKER,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2011

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Stevie Brown, is an inmate at the Fremont County Detention Center in Cañon City, Colorado. Mr. Brown initiated this action by filing *pro se* a motion (Doc. #1) seeking both leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and injunctive relief in the form of copies of certain court documents and his release from custody. On October 19, 2011, in response to an order to cure the deficiencies in this action, Mr. Brown filed on the proper forms a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (Doc. #5) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #3), and he filed a second Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #4) that is not on the proper form. The Court must construe the applications liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d

at 1110. For the reasons stated below, the applications will be denied and the action will be dismissed.

Mr. Brown asserts the same two claims for relief in both applications. His first claim arises out of the criminal proceedings pending against him in the Fremont County District Court. Mr. Brown specifically claims that his constitutional right to be free from excessive bail has been violated and that he remains in custody because the state court increased his bond to $10,000.00, cash only, after he failed to appear at a court hearing. Mr. Brown alleges in support of this claim that there was a misunderstanding about the date of the hearing, that he never has attempted to flee prosecution, and that he is not a danger to the community. Mr. Brown alleges in his second claim that his constitutional rights are being violated because he is being denied appropriate medical treatment at the facility in which he is housed. As relief Mr. Brown requests to be released from custody.

The Court first will address Mr. Brown's excessive bail claim. Because it is apparent that Mr. Brown is asking the Court to intervene in ongoing state court criminal proceedings, the Court will abstain from exercising jurisdiction over this claim.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. Abstention under *Younger* is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state

proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because the state court charges against Mr. Brown remain pending. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Brown fails to demonstrate that the state proceedings do not afford an adequate opportunity to present his federal claims.

Mr. Brown "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). However, the fact that Mr. Brown may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether

> it was conducted in such a way as to constitute harassment
> and an abuse of prosecutorial discretion, typically through
> the unjustified and oppressive use of multiple prosecutions.

*Id.* It is Mr. Brown's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

Mr. Brown fails to demonstrate that the criminal case was commenced with no reasonable hope of success. He also fails to demonstrate or even allege any improper motivation for the charges. Finally, there is no indication that the criminal case against Mr. Brown has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

Finally, Mr. Brown's second claim for relief, in which he alleges that he is not receiving appropriate medical treatment, will be dismissed because the claim challenges the conditions of his confinement and may not be raised in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (stating that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (discussing differences habeas corpus proceedings pursuant to § 2241 and civil rights actions challenging conditions of confinement). Generally, claims challenging conditions of confinement must be raised in a civil rights action pursuant to 42 U.S.C. § 1983. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, Mr. Brown's medical treatment claim will be dismissed without prejudice to

being raised in a § 1983 action.  Accordingly, it is

ORDERED that the habeas corpus applications (Doc. ##3 & 4) are denied and the action is dismissed without prejudice.  It is

FURTHER ORDERED that the motion to proceed *in forma pauperis* and for injunctive relief (Doc. #1) is denied as moot.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  28th  day of    October    , 2011.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02399-BNB

Stevie Brown
Fremont County Detention Center
100 Justice Center Rd
Canon City, CO 81212

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on October 28, 2011.

                                          GREGORY C. LANGHAM, CLERK

                                      By: _____
                                                  Deputy Clerk