IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02399-LTB

STEVIE BROWN,

    Applicant,

v.

JAMES L. BEICKER,

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Stevie Brown, has filed **pro se** on November 16, 2011, a "Motion for Reconsideration and to Amend Application (Submittal)" (Doc. #11). Mr. Brown asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on October 28, 2011. The Court must construe the motion to reconsider liberally because Mr. Brown is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. **See** Fed. R. Civ. P. 59(e). The Court will

consider Mr. Brown's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." **Phelps v. Hamilton**, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. **See id**.

Mr. Brown asserted two claims for relief in the instant habeas corpus action. He alleged in his first claim that his constitutional right to be free from excessive bail was being violated in connection with his ongoing state court criminal case. He alleged in his second claim that he was being denied appropriate medical treatment at the facility in which he is housed. The Court dismissed the action without prejudice. The Court specifically determined that intervention in Mr. Brown's state court criminal case was not appropriate under the abstention doctrine of **Younger v. Harris**, 401 U.S. 37 (1971). The Court determined that the medical treatment claim could not be raised in this habeas corpus action and dismissed that claim without prejudice to being raised in a proper action pursuant to 42 U.S.C. § 1983.

On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Brown fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. In an effort to overcome the presumption of abstention under *Younger*, Mr. Brown alleges in the motion to reconsider that he is not guilty of the charges pending against him, that other inmates have made allegations regarding disparate treatment of minorities, and that a civil rights action he filed against unspecified governmental entities may have motivated the individuals pressing charges against him. However, Mr. Brown's unsupported allegations of bad faith and harassment are not sufficient to overcome the presumption of abstention. **See Phelps v. Hamilton**, 122 F.3d 885, 889-90 (10th Cir. 1997). Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration and to Amend Application (Submittal)" (Doc. #11) filed on November 16, 2011, is denied.

DATED at Denver, Colorado, this  22nd  day of      November      , 2011.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court